IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLAS HERNANDEZ, JR., ) | |
|     ID # 1956368, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-896-G (BH) |
| ) | |
| LORIE DAVIS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Blas Hernandez, Jr., (Petitioner) challenges his conviction for felony driving while intoxicated. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.  Procedural History**

On January 19, 2012, the State of Texas indicted Petitioner for felony driving while intoxicated in Cause No. 36567CR. (*See* doc. 15-23 at 10.)[1] He pleaded not guilty and was tried before a jury in the 40th Judicial District Court of Ellis County, Texas. On August 30, 2012, the jury convicted him, and he was sentenced to life imprisonment, to be served consecutively to a life sentence for a previous conviction for felony driving while intoxicated. (*See id*. at 61.) The judgment was affirmed on appeal. (*See* doc. 15-21 at 31); *see also Hernandez v. State*, No. 11-12-

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

00293-CR (Tex. App. – Eastland Oct. 9, 2014). His petition for discretionary review was refused. *See Hernandez v. State*, PD-1575-14 (Tex. Crim. App. Apr. 22, 2015). He did not file a petition for writ of certiorari.

Petitioner's state habeas application was signed on June 6, 2016, and received by the state court on June 10, 2016. (*See* doc. 15-21 at 47, 63.) It was denied without written order on July 20, 2016. (*See* doc. 15-18); *see Ex parte Hernandez*, WR-44,382-02 (Tex. Crim. App. July 20, 2016).

**B.    Substantive Claims**

Petitioner's federal petition raises the following grounds:

(1)    Trial counsel was ineffective;

(2)    Appellate counsel was ineffective;

(3)    There was an accumulation of errors and the state court failed to review his Fourth Amendment claim on appeal due to ineffective assistance of counsel;

(4)    The cumulation of his sentence was cruel and unusual punishment;

(*See* doc. 1 at 12-16.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 14.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A. **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] His petition for discretionary review was refused on April 22, 2015. The judgment became final on July 21, 2015, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). He had until July 21, 2016, to file his federal habeas petition, absent any tolling of the statute of limitations.

B. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

*shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on June 6, 2016, and it was denied on July 20, 2016. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 45 days while the state application was pending, making his federal petition due no later than September 4, 2016. Petitioner filed his § 2254 petition on March 22, 2017, the date that it was mailed.[3] It is therefore untimely.

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

(2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner argues that state habeas is a critical stage of prosecution because state law requires that claims of ineffective assistance of counsel are to be raised at that stage. He claims that he therefore had a constitutional right to counsel during the state habeas proceedings but he was not represented. (*See* doc. 1 at 17.)

The Supreme Court has not recognized a right to counsel in state collateral review. *See Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012). The Fifth Circuit has held that there is no constitutional right to counsel in state habeas. *Ruiz v. Quarterman*, 460 F.3d 638, 644 (5th Cir. 2006). Petitioner's lack of counsel at that stage is not a basis for equitable tolling. *See Felder*, 204 F.3d at 171-72.

In *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Supreme Court held that the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino*, 133 S.Ct. at 1921 (citing *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012)). *Martinez* and *Trevino* addressed exceptions to the procedural default rule; they do not apply to the statute of limitations or equitable tolling. *See Banda v. Davis*, No. 3:16-CV-2406-G, 2017 WL 5713398 at *3 (N.D. Tex. Nov. 6, 2017, *rec.*

5

*adopted*, 2017 WL 5666319 (N.D. Tex. Nov. 27, 2017); *Adams v. Stephens*, No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015); *Reynolds v. Stephens*, No. 3:13-CV-2728-P, 2014 WL 2575752 at *3 (N.D. Tex. June 9, 2014). Neither case provides a basis for tolling the statute of limitations, so Petitioner's claims are time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 26th day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6